ROBERTSON, Justice.
Thomas A. Davis was indicted for and convicted of the crime of burglary in the Circuit Court of Newton County and was sentenced to seven years in the state peni-tenitary.
The indictment charged that Tom A. Davis, Oneal Buddy Goodman, and others broke into the Hickory Branch Office of the Newton County Bank during the early morning hours of March 16, 1968, and stole money of the United States therefrom.
The Appellant, Davis, was arrested on March 23, appellant and Co-defendant Goodman arraigned on March 25, severance granted Davis on that day, and Appellant Davis was tried on March 29, 1968.
The six assignments of error make two contentions only:
1. The trial court did not provide counsel for the accused, Davis, a fair opportunity for interviewing Oneal Buddy Goodman; and
2. The appellant was indicted by a grand jury and convicted by a petit jury on which there were no women, women being excluded by statute.
Oneal Buddy Goodman was a co-defendant of the appellant. He pleaded guilty prior to the trial of appellant and was placed back in the City Jail to await sentencing.
About 6:30 p. m. on March 28, 1968, the eve of the trial of appellant, W. D. Kendall, one of the appellant’s attorneys, went to the City Jail at Newton, Mississippi, and attempted to see Buddy Goodman. He was informed by the district attorney that the circuit judge had given orders that no one except the district attorney, county attorney, and court-appointed counsel for Goodman, co-defendant, could see Goodman without written orders from the judge.
The next day, March 29, after Goodman had testified for the State, W. D. Kendall, of counsel for Appellant Davis, moved for a continuance until appellant could prepare a defense to the testimony of Goodman. Kendall took the witness stand and was cross-examined by the district attorney. He admitted that he knew that Goodman was a co-defendant, that he had made no effort to subpoena and had not subpoenaed Goodman as a witness, that he had made no request to the district attorney to see, talk with, or interview Goodman until the night before the trial, and no request had ever been made to the circuit judge.
In overruling the motion for a continuance, the trial court stated:
“It had come to the attention of the Court that there probably would be an effort by certain people to talk to this witness, Oneal Buddy Goodman, and intimidate him since he had, on a prior date of this Court, entered a plea of guilty to the charge of Burglary of the Hickory Branch of the Newton County Bank, and after having received that information, the Court instructed the Sheriff of Newton County and the District Attorney and the County Attorney not to allow anyone to talk to this witness and Defendant without the permission of this Court. Now, [neither] Tom A. Davis nor either of his attorneys ever asked this Court for permission to interview him yesterday or today or ever, and if this Defendant, Tom A. Davis, through his counsel, had had a subpoena issued for him as a defense witness and had requested this Court for permission to talk to him, it certainly would have been granted, and *19 that is the reason for the Court giving the instructions that it did, and the Motion for a continuance is overruled.”
The matter of interviewing a co-defendant who has pleaded guilty and is locked up in jail awaiting sentence rests largely in the sound discretion of the trial court.
Certainly the county sheriff, and probably the court itself, were responsible for the safety of the prisoner Oneal Buddy Goodman. He was in custodia legis on the night before the trial of appellant when counsel for Davis made his only attempt to interview Goodman. Counsel for appellant never requested permission to interview Goodman from the trial judge, nor did he have a subpoena issued for Goodman.
We do not think that the trial court’s restrictions on interviewing this prisoner and co-defendant were unreasonable. Neither do we think that the trial court abused its discretion in overruling the motion for a continuance made in the middle of the trial and after Co-defendant Goodman had testified on direct examination.
As to the assignment of error that there were no women on the grand and petit juries, we have already ruled adversely to the contention of appellant on this question. See Pendergraft v. State, 191 So.2d 830 (Miss.1966) and State v. Hall, 187 So.2d 861 (Miss.1966). In Hall and Pendergraft, the defendants were women members of the excluded class; in this case, appellant is not.
The judgment of the trial court is affirmed.
Affirmed.
ETHRIDGE, C. J., and RODGERS, PATTERSON, and SMITH, JJ., concur.